UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

                  Petitioner,               Case No. 2:22-cv-11789
                                             Hon. Victoria A. Roberts

v.

NOAH NAGY,

                  Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA
PAUPERIS**

      Robert Winburn filed this petition for writ of habeas corpus under 28 U.S.C.

§ 2241. Petitioner is serving a lengthy sentence for his 1990 Wayne Circuit Court

conviction for second-degree murder. Petitioner was released on parole, but he

violated the terms in 2016 for felony charges arising in Washtenaw County. The

Washtenaw County criminal case remains pending following a 2018 mistrial.[1]

      The petition does not challenge the Wayne Circuit conviction. Rather,

Plaintiff asserts that his right to a speedy trial is being denied in the Washtenaw

---

[1] The Court obtained information regarding Petitioner's state court case through the
Washtenaw Circuit Court and Michigan Department of Corrections websites. See
https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=370288. The
Court takes judicial notice of these reliable public records. *See Daniel v. Hagel*, 17
F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

County case. For the reasons stated below, the Court dismisses the petition without prejudice because Petitioner fails to demonstrate extraordinary circumstances justifying federal intervention in a pending state criminal proceeding, and because Petitioner failed to exhaust his state court remedies.

## I.

Petitioner is no stranger to the Court. He has filed numerous habeas petitions and other civil actions, including at least five habeas cases challenging the Washtenaw County case. *See Winburn v. Gidley*, No. 18-10271 (E.D. Mich. Feb. 7, 2018)(dismissed without prejudice on exhaustion grounds); *Winburn v. Lindsey*, No. 18-13842 (E.D. Mich. Oct. 28, 2019)(same); *Winburn v. Lindsey*, No. 19-12226 (E.D. Mich. Sep. 16, 2019)(dismissed on abstention grounds); *Winburn v. Nagy*, No. 20-11808 (E.D. Mich. July 13, 2020)(dismissed on exhaustion grounds); and *Winburn v. Nagy*, No. 20-13045 (E.D. Mich. Jan. 14, 2021)(double-jeopardy claim denied on the merits).

The Sixth Circuit summarized the proceedings in Petitioner's Washtenaw case:

> Winburn was charged with armed robbery, first-degree home invasion, and conspiracy to commit first-degree home invasion for allegedly participating in the 2016 robbery of Michael O'Connor, who ran a medical marijuana growing operation. Winburn elected to represent himself with the assistance of standby counsel, and the case proceeded to a jury trial in November 2018. At the end of the first day of trial, the trial court found that Winburn had engaged in disruptive and improper conduct during opening statements, revoked his

permission to represent himself, and directed standby counsel to assume his defense.

The trial court held a hearing on Winburn's conduct the following day, during which it came to light that Winburn had threatened his defense counsel after the judge had left the bench. Additionally, in view of Winburn's behavior the previous day, both the prosecutor and defense counsel expressed concerns about his competency to stand trial and assist in his defense. At the prosecution's urging, the trial court concluded that declaring a mistrial was a "manifest necessity" because Winburn had engaged in prejudicial misconduct during opening statements by appealing to the sympathy of the jury, disobeying its pretrial order prohibiting him from stating that the prosecution had improperly withheld evidence, improperly vouching for the credibility of his witnesses, discussing irrelevant issues, publishing potentially inadmissible photographs to the jury, and generally engaging in disruptive and argumentative conduct. The trial judge also expressed concerns about Winburn's competency and found that his threats against his attorney made it impossible for him to assist in his own defense. A state psychologist subsequently determined that Winburn was competent to stand trial and to assist in his defense.

*Winburn v. Nagy*, No. 21-1127, *1-2 (6th Cir. May 17, 2021).

Petitioner's case did not remain idle following the 2018 mistrial. The trial court docket sheet indicates that Petitioner filed numerous subsequent motions to dismiss the charges, multiple motions seeking to replace or fire his appointed attorneys, and various other motions and pleadings. As noted by the Sixth Circuit in a different habeas appeal, this resulted in the trial court enjoining Petitioner from taking certain actions aimed at scuttling a retrial:

… Winburn was on his fourth court-appointed attorney and [he] sued his previous attorney in state court, which forced her to withdraw from the case after her malpractice insurance carrier dropped her. The court also noted that Winburn had filed grievances against other

attorneys who were involved in the case. The court concluded that Winburn was filing grievances either to delay his trial or to compel the court to permit him to revert to self-representation because no lawyer could be found to represent him. Winburn's behavior, the court found, was interfering with its ability to conclude his trial. The court thus enjoined Winburn "from filing any complaint or grievance in this court, with the Attorney Grievance Commission, or any other court against his appointed counsel until this trial is concluded."

*Winburn v. Nagy*, No. 19-2398, *2 (6th Cir. Sep. 17, 2020).

Since the injunction, the trial court docket sheet indicates that Petitioner nevertheless continued to file motions, including: seven motions aimed at replacing his counsel, two motions to adjourn trial, five motions to dismiss the charges, three motions to disqualify the prosecutor, one motion to disqualify the trial judge, and two motions pertaining to discovery. As of the date of this opinion, an order for another competency evaluation was entered, and another competency hearing was scheduled for August 18, 2022.

## II.

After a petition for writ of habeas corpus is filed, the Court  undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee in custody in violation of the Constitution or laws or treaties of the United States. Nevertheless, the Supreme Court strongly cautioned federal courts against interfering in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

The Sixth Circuit likewise instructed federal habeas courts to exercise restraint before interfering in pending state criminal proceedings:

> [A]lthough § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)(internal citations omitted).

In light of these precedents, "federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011)(citation omitted). The first exception is a viable claim that a state prosecution will violate the Double Jeopardy Clause. *See Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981). Petitioner does not raise a double jeopardy claim in this petition - nor can he. The Court rejected that claim on the

merits in one of Petitioner's previous habeas cases. *See Winburn*, E.D. Mich. No. 20-13045.

The second exception applies to viable claims regarding a denial of a defendant's speedy trial rights where the relief sought is a timely trial rather than dismissal of the charges. *Atkins*, 644 F.2d at 547. The petition here raises a speedy trial claim, but Petitioner does not indicate whether he seeks a speedier trial or dismissal of the charges. If Petitioner seeks dismissal, he does not assert exceptional circumstances warranting federal intervention because dismissal of a criminal case "'could not be more disruptive of pending state actions.'" *Smith v. Burt*, 2019 U.S. App. LEXIS 22193, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019)(quoting *Atkins*, 644 F.2d at 546).

Moreover, Petitioner cannot credibly claim that he is seeking a speedier trial. As recently as 2021 Petitioner sought in federal the opposite - he requested an order staying state court proceedings. *See Winburn*, Sixth Circuit No. 21-1127, *1. Moreover, the state court docket indicates that Petitioner filed motions to adjourn the trial. Finally, Petitioner's continuous attempts to fire his attorneys were viewed by the trial court as an attempt to delay trial. In short, nothing in the record of Petitioner's previous federal proceedings or in the state court suggests that he can credibly assert that he is seeking a speedier trial. Petitioner's case, therefore, does

not present the sort of extraordinary circumstance justifying federal intrusion in the state process.

Finally, even assuming extraordinary circumstances existed, Petitioner is still required to exhaust available state remedies. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546. Petitioner asserts that the trial court injunction excuses the exhaustion requirement. But the injunction was aimed only at preventing Petitioner from going through the entire roster of the Washtenaw County defense barr. As the Sixth Circuit noted, it nevertheless "… provides Winburn with an avenue in state court to safeguard his constitutional rights…." *Winburn*, Sixth Circuit No. 19-2398, *3. The injunction does not prevent Petitioner from exhausting his speedy trial claim in the state courts.

Accordingly, Petitioner fails to allege facts indicating that any of the exceptions to the abstention doctrine apply. Moreover, Petitioner neither alleges nor establishes that he exhausted available state court remedies or that state remedies are unavailable to him. This habeas action, like Petitioner's previous ones, is therefore premature and must be dismissed.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a). Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues

deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

## IV.

The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

A certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court

Dated:  August 18, 2022